SILVERMAN, Circuit Judge,
dissenting:
We defer to an immigration judge’s adverse credibility finding so long as there is a basis in the record for the finding. If the IJ’s finding amounts to nothing more than a guess, it is not supported by substantial evidence. See Zhou v. Gonzales, 437 F.3d 860, 865 (9th Cir.2006); Shire v. Ashcroft, 388 F.3d 1288, 1295-96 (9th Cir. 2004).
Here, the lynchpin of the IJ’s ruling was her disbelief of petitioner’s testimony that the Chinese passport bore his photo but his brother’s name. He testified that the passport had been obtained for him by his brother so that he could escape from China. The IJ looked at a photocopy of the passport; the passport did not look phony to her, and so she proclaimed it valid and the petitioner a liar.
It is not inconceivable that the petitioner is, in fact, lying about the provenance of the passport. By the same token, it is not beyond the realm of possibility that the passport was obtained just as the petitioner testified. The problem is that there is simply no way one can tell just by looking at it, yet that is exactly what the IJ purported to do. Speculation and conjecture are not entitled to deference.
Furthermore, it is worth noting that the petitioner’s conduct upon entering the United States is consistent with his story. At his very first asylum interview, petitioner volunteered of his own accord that the passport he used to enter the country was fraudulent. If he were trying to pull a fast one on U.S. immigration authorities, how he could benefit from volunteering that the passport with which he gained entry to United States looks real but isn’t?
Petitioner tendered what he represented to be his real birth certificate, bearing his photo. The IJ deemed this document a phony because it bore an issuance date prior to his arrival in the United States. The petitioner explained that his brother— who obtained the false passport before petitioner left China—also procured this birth certificate. These documents were all obtained at around the same time. Again, maybe this is true, maybe it’s not, but I fail to see what basis the IJ has to reject this testimony other than conjecture.
The IJ also found incredible petitioner’s testimony that he managed to avoid being caught practicing Zhong Gong at his home. It is not unheard of for an asylum applicant to exaggerate his encounters with the police. Here, paradoxically, the petitioner is minimizing them. In any event, I do not see what is so inherently incredible about petitioner’s claim that he was able to practice Zhong Gong at home, behind closed doors, without having been caught—especially since he was actively trying to avoid detection. If the testimony is not inherently implausible, the IJ needs a non-speculative reason to disbelieve it. See Jibril v. Gonzales, 423 F.3d 1129, 1135 (9th Cir. 2005). That reason is lacking here.
Because the IJ’s adverse credibility determination was not supported by substantial evidence, I respectfully dissent. I would grant the petition for review and remand to the BIA for consideration of whether Lan was eligible for asylum, withholding of removal, and CAT relief in the first instance.